**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John W. PALMER, Defendant–Appellant.**

**No. 91–30004.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 23, 1991[*].

Decided Sept. 27, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Nancy Shaw, Asst. Federal Public Defender, Anchorage, Alaska, for defendant-appellant.

Crandon Randell, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before TANG, REINHARDT and RYMER, Circuit Judges.

RYMER, Circuit Judge:

John W. Palmer appeals from sentence.[1] He contends that the district court misapplied section 4A1.2(a)(2) of the Sentencing Guidelines by counting his prior sentences for a burglary conviction and revocation of probation on a forgery conviction separately when the probation revocation and burglary conviction were consolidated for sentencing. Palmer argues that § 4A1.2(a)(2), which provides that prior sentences imposed in related cases are to be treated as one sentence for purposes of criminal history, read in light of Application Note 3, which says that cases are related if they were consolidated for sentencing, dictates that his prior sentences be treated as one sentence.

This requires us to decide whether *United States v. Gross*, 897 F.2d 414, 416 (9th Cir.1990), where we "rejected" that part of Application Note 3 to U.S.S.G. § 4A1.2 which declares that cases are related (and thus counted together) for purposes of calculating a defendant's criminal history if they were consolidated for sentencing, is still good law after *United States v. Anderson*, 942 F.2d 606 (9th Cir.1991) (en banc). We hold that it is not, and that an application note may not be "rejected" unless it is impossible to construe it consistently with the guideline. Because we are no longer bound by *Gross*, we must also determine how a sentence imposed on revocation of probation is to be counted, when that sentence is imposed at the same time the defendant is sentenced on a conviction which is a predicate for revoking probation on an earlier conviction. We hold that § 4A1.2(a)(2) and its commentary direct that the sentence imposed upon revocation be treated as part of the original sentence, and that such sentences are to be computed separately from the sentence imposed for a new criminal conviction. As the other con-

---

1. He was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and making a false statement to obtain a firearm in violation of 18 U.S.C. § 922(a)(6).

tentions Palmer raises lack merit, we affirm.

## I

Palmer claims the district court erred by including six points in his criminal history score for two prior sentences because they were imposed in a consolidated proceeding and were therefore "related cases" within the meaning of U.S.S.G. § 4A1.2(a)(2) and Application Note 3 of its commentary.

Section 4A1.2(a)(2) provides that "[p]rior sentences imposed in unrelated cases are to be counted separately" whereas "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." On its face this guideline suggests that Palmer's two sentences are each to be counted separately, but Application Note 3 indicates that "[c]ases are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3). Palmer's probation revocation and burglary conviction were consolidated for sentencing.

■ In *United States v. Gross*, we "reject[ed] that part of Application Note 3 that suggests that cases consolidated for sentencing are to be deemed related." 897 F.2d at 416. We did so on the footing that "[t]hese application notes are not binding law, they are only advisory commentary to assist in the application of the statute." *Id.* at 416–17. *Gross* was decided, however, without benefit of the analysis adopted by our en banc court in *United States v. Anderson.* In *Anderson* we held that courts must consider a guideline and its related commentary together and construe them so as to be consistent, if possible; only if it is not possible to construe them consistently may we apply the text of

the guideline and "reject" the commentary. At 613. On this point *Anderson* effectively overrules *Gross,* and we are no longer obliged to ignore Application Note 3. *See Anderson,* at 613, n. 5. We must instead look afresh at the question of how to treat two prior sentences, one of which is for a violation of probation, that were imposed in a single consolidated proceeding.

■ The answer in this case lies in Application Note 11.[2] It is more specific, and more directly on point, than Note 3. It makes two things clear: sentence on the underlying conviction and on the revocation of probation is considered a "single conviction," and when sentence is imposed for revocation of probation at the same time as for conviction for a new offense, sentence on the new conviction is computed separately from the sentence imposed for revocation of probation. Therefore, Palmer's sentence on the revocation of his probation on account of the forgery conviction merges into the underlying conviction for purposes of criminal history, and is distinct from the sentence imposed on his burglary conviction.

For this reason Application Note 3 does not apply. The relevant "cases" are the forgery conviction and the burglary conviction, not the probation revocation and the burglary conviction. The probation revocation is simply one part of the forgery case, and the forgery case was not consolidated with the burglary case. The cases are obviously unrelated and the district court did not err in scoring them separately.

## II

■ Palmer also claims that he is entitled to a six-level downward adjustment for possessing a firearm solely for "sporting purposes or collection." U.S.S.G.

**2.** Note 11 provides:

*Revocations to be Considered.* Section 4A1.2(k) covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, if any, did not exceed one year and one month. Rather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence. By this approach, no more than three

points will be assessed for a single conviction even if probation or conditional release was subsequently revoked. If the sentence originally imposed, the sentence imposed upon revocation, or the total of both sentences exceeded one year and one month, the maximum three points would be assigned. If, however, at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation.

§ 2K2.1(b)(1). He has the burden of proving by a preponderance of the evidence that he is entitled to a reduction in offense level. *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). Because there is no evidence in the record to support his claim, the district court did not clearly err in finding that Palmer was not entitled to such a reduction.

### III

Palmer finally objects that he had no notice of the district court's intention to deny a downward adjustment for "acceptance of responsibility" as allowed by U.S.S.G. § 3E1.1. The district court's finding that Palmer had not accepted responsibility was based on evidence clearly available to defense counsel. Thus, as the district court stated, Palmer had "ample opportunity ... to take up the matters, put on evidence, and present an argument." The court's actual finding that there was no acceptance of responsibility was not clearly erroneous and will not be disturbed on appeal.

AFFIRMED.