967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Tony JOHNSON, Defendant-Appellant.
 No. 91-30245.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided June 11, 1992.
As Amended June 22, 1992.
 
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI, District Judge.**
 MEMORANDUM***
 Appellant Eric Tony Johnson asserts that the district court erred in ruling that three bank robbery and theft convictions were not related within the meaning of section 4A1.2(a)(2) of the Sentencing Guidelines. We have jurisdiction of this timely appeal under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for resentencing.
 FACTUAL AND PROCEDURAL BACKGROUND
 Johnson pleaded guilty to two counts of bank robbery. For purposes of sentencing, the district court assessed Johnson twelve points for criminal history: three points for each of four convictions. Johnson asserts that three of these offenses are "related" and should have been assessed as a single prior conviction of three points, rather than separately for nine points.
 The disputed convictions arose from Johnson's robbery of two banks in Vancouver, Washington, on March 6, 1984 and March 26, 1984, and his robbery of a bank in Portland, Oregon, on March 23, 1984. In each instance, Johnson presented a demand note to a teller and unlawfully took money. The first two offenses were consolidated for sentencing in the Washington State Court. Defendant was sentenced for the third offense by the United States District Court for the District of Oregon which sentence ran concurrently with the Washington sentences.
 The court reviews de novo mixed questions of law and fact, including the application of the Sentencing Guidelines. United States v. Davis, 922 F.2d 1385, 1387-88 (9th Cir.1991).
 ANALYSIS
 Section 4A1.2(a)(2) of the Sentencing Guidelines provides that in computing criminal history levels:
 Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history.
 United States Sentencing Commission, Guidelines Manual § 4A1.2(a)(2) (Nov. 1990).
 The commentary to § 4A1.2 states that cases are related if they:
 (1) occurred on a single occasion,
 (2) were part of a single common scheme or plan, or
 (3) were consolidated for trial or sentencing.
 Application Note 3. The Sentencing Guidelines are construed together with the related commentary so as to be consistent. United States v. Palmer, 946 F.2d 97, 99 (9th Cir.1991).
 Johnson argues that the two State of Washington cases are related because they were "consolidated for trial or sentencing" and that the 1984 Oregon bank robbery was "part of a single common scheme or plan" with the two Washington thefts.
 The district court treated the two Washington bank theft convictions as unrelated, following the rule in United States v. Gross, 897 F.2d 414 (9th Cir.1990). Subsequent to the district court's decision, the Ninth Circuit overruled Gross. See United States v. Anderson, 942 F.2d 606 (9th Cir.1991) (en banc). The parties agree, therefore, that this case should be remanded for resentencing with directions that the two 1984 Washington theft convictions be treated as related.
 Johnson further argues that the Oregon conviction for bank robbery should be considered related to the Washington convictions for theft because they were part of a common scheme or plan. The court looks to five factors to determine whether prior offenses are part of a common scheme or plan: (1) whether the crimes were committed within a short period of time; (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; (4) when the arrests occurred and whether both crimes were solved during the course of one investigation; and (5) the similarities in the offenses. United States v. Chapnick, No. 91-50194, slip op. 4835, 4840 (9th Cir. April 29, 1992) (citing United States v. Davis, 922 F.2d 1385, 1390 (9th Cir.1991) and United States v. Houser, 929 F.2d 1369, 1374 (9th Cir.1991)).
 In this case the Portland robbery was committed within three days of one of the Washington robberies and within seventeen days of the other. The offenses had similar modus operandi. The record does not reflect which law enforcement agency investigated and arrested plaintiff for the 1984 offenses. We assume, arguendo, that the same agency investigated and arrested defendant for the three crimes. However, the offenses were committed in different states, in different banks and against different teller victims.
 The factors which support defendant's argument are not of significant weight in this case. We have previously rejected the argument that the time between the offenses should be given controlling weight. Chapnick, slip op. at 4842. Similarly, "a common modus operandi is not enough to demonstrate a single common scheme or plan." Davis, 922 F.2d at 1389; accord Chapnick, slip op. at 4841. The repertoire of the bank robber is a limited one at best. Moreover, even if the F.B.I. investigated all three instances, the F.B.I. investigates most, if not all, bank robberies, and thus this factor appears of little assistance here. Nor is it relevant that all of the bank robberies may have been part of a crime spree motivated by Johnson's gambling and alcohol addiction. We have rejected the proposition that different crimes may be "related" due to the defendant's motivation. See Chapnick at 4842, n. 5. For these reasons, and because the offenses involved different victims and separate criminal episodes, we find that the Portland robbery is not related to the Washington State robberies. See id. at 4841.
 Finally, Johnson asserts that his Oregon and Washington offenses should have been related because the sentences on the two offenses ran concurrently. However, the imposition of concurrent sentences "is neither necessary nor sufficient to render two or more cases consolidated for sentencing." United States v. Bachiero, No. 90-50685, slip op. 5545, 5548 (9th Cir. May 15, 1992); Chapnick at 4844. In addition, the sentences in this case were imposed on different days, in separate court systems under separate docket numbers, for two separate offenses, under separate plea agreements. See Davis, 922 F.2d at 1390-91 (holding two cases were not consolidated for sentencing even though defendant was sentenced on the same day in separate courts under the same plea agreement).
 The district court was correct in finding that Johnson's two 1984 convictions for robbery in the State of Washington are not related to his 1984 conviction in the District of Oregon for bank robbery. The case is remanded for resentencing with the direction that the two 1984 Washington theft convictions be treated as related.
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3