968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Michael D. GRANT, Defendant-Appellant
 No. 90-50234.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided July 15, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and MACBRIDE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Michael D. Grant, appearing pro se, appeals his conviction and sentence for credit card fraud. Grant claims a number of trial errors including ineffective assistance of counsel, a violation of Federal Rule of Criminal Procedure Rule 5(a) in that no probable cause hearing was provided and error arising out of an alleged delay between initial arrest and indictment and trial in federal court. In addition, Grant claims the court erred at sentencing by using Grant's prior convictions for sentence enhancement, by ordering restitution and by failing to attach to the Presentence Investigation Report a written record of the court's factual findings of matters controverted at sentencing as required by Federal Rule of Criminal Procedure 32(c)(3)(D). We affirm defendant's conviction. Defendant's sentence is vacated and remanded for further hearing.[1]
 
 BACKGROUND
 
 4
 Both federal and state officials participated in the April 13, 1989 arrest of Michael Grant. The arrest was made pursuant to a State of California parole violator warrant. Grant was placed in state custody and incarcerated to serve the remainder of his state term. A federal arrest warrant and complaint were issued on May 17, 1989 for a violation of 18 U.S.C. § 1029(a)(2), Use of Unauthorized Access Device, i.e., credit card fraud. A federal detainer was placed on file at the Chino Institute for Men.
 
 
 5
 On October 12, 1989, Grant was arrested on the federal arrest warrant. He was brought before a magistrate the same day. The magistrate scheduled a probable cause hearing for October 26, 1989. A federal grand jury indicted Grant for credit card fraud on October 24, 1989. Trial was set for January 2, 1990 but was continued until January 25, 1990 due to unavailability of a government witness. Grant was tried and convicted of one count of credit card fraud. Three remaining counts were dismissed. Grant was sentenced to fifty-one months in custody. Fines were waived but the court ordered restitution of $14,761.53.
 
 DISCUSSION
 A. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 6
 Grant claims his Sixth Amendment right to the effective assistance of counsel was violated when the district court refused to appoint new counsel despite defendant's claim that a conflict existed between defendant and his appointed counsel. In addition, Grant claims that his attorney failed to adequately investigate and prepare for trial.
 
 
 7
 The customary procedure for raising a claim of ineffective assistance of counsel in this circuit is by collateral attack under 28 U.S.C. § 2255. United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), amended, 902 F.2d 18, cert. denied, 111 S.Ct. 64 (1990). This procedure enables a district court to determine if the claim has merit and, if it does, to develop a record on which the issue can be decided. Therefore, we decline to address this issue on direct appeal. If Grant wishes to pursue this claim, he should do so in a habeas corpus proceeding.
 
 
 8
 B. FAILURE TO PROVIDE A PROBABLE CAUSE HEARING
 
 
 9
 Grant claims Federal Rule of Criminal Procedure 5(a) was violated when he was denied a probable cause hearing before a federal magistrate. Rule 5(a) requires that an arrested person be taken without unnecessary delay before the nearest available federal magistrate for hearing. The purpose of a preliminary or probable cause hearing is to enable the federal magistrate to determine that "there is probable cause to believe that an offense has been committed and that the defendant committed it." Fed.R.Crim. Procedure 5.1. However, Rule 5(c) provides in pertinent part that "the preliminary examination shall not be held if the defendant is indicted ... before the date set for the preliminary examination." Here, Grant was indicted by the Grand Jury on October 24, 1989, two days before the day set by the magistrate for a preliminary hearing. Since indictment by a grand jury obviates the need for a probable cause hearing, there was no violation of Rule 5(a) for failure to provide a probable cause hearing. Since we find no violation of Rule 5, we need not reach Mr. Grant's claim that such violation was racially motivated.
 
 C. SPEEDY TRIAL VIOLATION
 
 10
 18 U.S.C. § 3161(b), a provision of the Speedy Trial Act, provides a thirty day limit on the time which may elapse between an individual's arrest on federal charges and the date an information or indictment is filed. Grant claims the Act was violated when the federal prosecutor waited 182 days from the date federal agents participated in his arrest until federal authorities brought him before a federal magistrate.
 
 
 11
 There was no violation of the Speedy Trial Act because there was no delay. As stated in United States v. Manuel, 706 F.2d 908, 915 (9th Cir.1983): "Regardless of the degree of federal involvement in a state ... investigation and arrest, only a federal arrest will trigger the running of the time period set forth in 18 U.S.C. § 3161(b)." See also United States v. Johnson, 953 F.2d 1167 (9th Cir.1992). In the present case, although federal agents participated in the April 13, 1989 arrest of defendant, Grant was not arrested on the federal charge. Instead, he was placed in state custody on a parole violation relating to a state conviction. Grant was not arrested on federal charges until October 12, 1989. He was indicted on October 26, 1989, well within the 30 day requirement. Thus, Grant's claim of a violation of the Speedy Trial Act must fail. Since there was no delay, the court need not address Grant's claim that the alleged delay was racially motivated.[2]
 
 
 12
 In a related claim, Grant argues that illegally obtained evidence was used in his trial. Grant claims that a delay between April 13, 1989 when he was originally arrested and taken into custody by the state and October 12, 1989 when he was arrested on a federal warrant enabled federal authorities to continue their investigation.
 
 
 13
 Absent a showing that the government sought somehow to gain "tactical advantage over the accused," there is no time limit within which federal authorities must complete their investigations and indict a suspect. United States v. Lovasco, 431 U.S. 783, 795 (1977). Here, defendant does not make any showing of prejudice or disadvantage to his case attributable to the 7 months between his arrest on state charges and his indictment on the federal charge. Thus, defendant's Speedy Trial claim fails.
 
 D. UNCONSTITUTIONAL SENTENCE ENHANCEMENT
 
 14
 Grant argues that unconstitutional state court convictions were used for purposes of sentence enhancement. A district court's finding as to whether a defendant had a prior conviction is reviewed for clear error. United States v. Gross, 897 F.2d 414, 416 (9th Cir.1990), overruled on other grounds by United States v. Palmer, 946 F.2d 97 (9th Cir.1991). Interpretation of the Sentencing Guidelines are reviewed de novo. United States v. Anderson, 942 F.2d 606, 609 (9th Cir.1991) (en banc).
 
 
 15
 Grant does not dispute that he pleaded guilty to all three charges. He does, however, claim that all three convictions are invalid for purposes of sentencing enhancement because he had not been apprised of his constitutional rights prior to pleading guilty. A conviction is constitutionally invalid if the defendant does not knowingly and voluntarily waive his right to trial by jury, to confront the witnesses against him, and to remain silent. Boykin v. Alabama, 395 U.S. 238, 242-243 (1969).
 
 
 16
 At the time Grant was sentenced, the Sentencing Guidelines allowed a defendant to challenge his prior convictions at sentencing. U.S.S.G. § 4A1.2, Application note 6 (effective November 1, 1989) ("Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score"). Therefore, Grant properly challenged the use of his priors at sentencing.
 
 
 17
 In Carroll, the court set out the process courts must use in determining whether to use prior convictions for enhancement:
 
 
 18
 [W]hen the government seeks to raise the offense level under the Guidelines, the government must show the fact of conviction. Then, pursuant to the USSG § 4A1.2, Commentary No. 6 (effective November 1, 1989), the defendant has the burden of establishing the constitutional invalidity of the prior conviction.
 
 
 19
 United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991) (citing United States v. Newman, 912 F.2d 1119 (9th Cir.1990).
 
 
 20
 In the present case, the three convictions at issue are guilty pleas taken in L.A. County Superior Court in 1983: Accessory No. A563123, Credit Card Forgery No. A904100 and Perjury No. A564009. Although certified copies of the convictions are not included in the court record, the transcript of the sentencing hearing indicates that the government provided the sentencing judge with certified copies for two of the convictions--A904100 and A564009. A certified copy of the third conviction was not provided at sentencing. However, at the sentencing hearing, Grant acknowledged that he did, in fact, plead guilty to all three. Thus, the government can be considered to have carried it's burden.
 
 
 21
 In support of his claim that the prior convictions were constitutionally invalid, Grant told the court that he was not advised of his rights when he pled guilty to three offenses in state court in 1983. Grant explained that in order to make sure his priors were valid, he had written to the state court requesting copies of the pleas of all the convictions to be used at his sentencing. For some convictions, he received copies of the pleas which showed he had been properly advised of his rights. Grant made no objection to the use of these convictions. However, Grant did object to the use of the three 1983 priors. In support of his claim that he was not advised of his rights, Grant proffered two documents certified by the Los Angeles Criminal Deputy Clerk. One informed the court as follows: "This is to certify that a plea is not on record in file A563123 Defendant Michael David Grant." The other communicated the same message but for A904100 and A564009.
 
 
 22
 The court took Grant to be arguing that the priors did not exist and ruled that the certified copies presented by the government obviated the lack of record with respect to two of the cases. The court also opined that defendant's inquiry about case number A563123 had been directed to the wrong branch of the Los Angeles Superior Court. Had the inquiry not been misdirected, the court concluded, Grant would have obtained a certified copy. The court ruled that Grant had failed to carry his burden of proving the priors did not exist.
 
 
 23
 Grant was not arguing that the convictions did not exist but, instead, that the record was silent as to whether he had been advised of his rights prior to pleading. A court may not presume a waiver of constitutional rights from a silent record. Boykin, 395 U.S. at 243. Although properly raised, the question of whether the record is silent was not addressed at sentencing. The sentence is vacated and remanded for hearing and decision by the district court.
 
 E. RESTITUTION
 
 24
 Grant claims that the court abused its discretion in ordering defendant to pay restitution of $11,061.53 to Maryland Bank and $3,700 to Wells Fargo Bank. Grant argues that the court made inconsistent findings in determining that Grant could not afford to pay fines but could afford to pay restitution.
 
 
 25
 Inconsistency alone is not error. Although based on the same kinds of information, the decisions to impose restitution and/or a fine are based on different criteria.
 
 
 26
 Restitution compensates the victim of a crime. See 18 U.S.C. § 3663(a)(1). Its purpose is to make the victim whole. United States v. Rochester, 898 F.2d 971, 983 (5th Cir.1990) (discussed with favor in United States v. Smith, 944 F.2d 618, 624 n. 2 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). On the other hand, the purpose of a fine is to punish, to deter, to promote respect for law and to reflect the seriousness of the offense. U.S.S.G. § 5E1.2(d)(1). The payment of restitution is given precedence over the payment of a fine. U.S.S.G. § 5E1.1(c). In fact, a fine is to be imposed only to the extent that payment would not impair a defendant's ability to make restitution. 18 U.S.C. § 3572(b). Thus, it is not clear error to order restitution while waiving a fine.
 
 
 27
 Not so clear is whether the court properly ordered restitution. A court's determination that a defendant has the ability to pay restitution is a finding of fact reviewed under a clearly erroneous standard. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). The court need not make findings of fact concerning defendant's financial condition, United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989), but the record must show that the district judge had at his disposal information from which he could make a determination of the defendant's ability to pay. Smith at 623. In determining the amount of restitution, it is an abuse of discretion for the court to fail to consider a defendant's ability to pay. Id.
 
 
 28
 We have read the record. The only information presented to the court concerning the defendant's ability to pay was the information included in the presentence report. The report indicated that Grant had no assets, that between 1986 and 1989, Grant earned $300 per week working as a truck driver for his uncle's thrift store and that Grant intermittently worked as a digger and grader for his father's cement business. The pre-sentence report also indicated that Grant has four dependent children presently under the age of seven.
 
 
 29
 This information is insufficient to support a determination that the defendant will have the ability to pay $14,761.53 in restitution. We therefore vacate and remand to the district court for reconsideration.
 
 F. VIOLATION OF RULE 32
 
 30
 Grant claims error in that a written record of the court's factual findings of matters controverted at sentencing was not attached to the Presentence Investigation Report as required by Federal Rule of Criminal Procedure 32. Rule 32(c)(3)(D) provides:
 
 
 31
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 32
 The Notes of the Advisory Committee accompanying the 1983 Amendment to the Rules explain that a written record is required because of widespread use of presentence reports by the Bureau of Prisons. In this circuit, strict compliance with the rule is required. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).
 
 
 33
 In the present case, the clerk's record does not indicate whether a written record was prepared and attached to the presentence report. Having remanded for further hearing on sentencing, the court also orders that after resentencing, the court attach to the presentence report written findings on any controverted facts in the report.
 
 
 34
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Grant also filed a second appeal. This was appeal No. 91-55875, an appeal of the district court's denial of a petition for habeas corpus. After the government sought and was granted consolidation of the two appeals, defendant objected to the consolidation. The Ninth Circuit construed the objection as a motion to reconsider the consolidation and a motion to dismiss the habeas appeal. The court granted the motion and dismissed appeal No. 91-55875. Consequently, this appeal is not before the court and will not be addressed herein
 During the course of his appeal, defendant has filed a number of other motions. These pending motions are denied.
 
 
 [2]
 For purposes of the Speedy Trial Act, the clock started on October 30, 1989 when the defendant was arraigned. 18 U.S.C. § 3161(c)(1). The trial was set for December 19, 1989 but was continued until January 2, 1990 without excluded time. Due to unavailability of a government witness, a second continuance was granted until January 25, 1990 with time excluded. See § 3161(h)(3)(A)