972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto BARROSO, Defendant-Appellant.
 No. 91-10553.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Humberto Barroso appeals his sentence imposed after his guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846. Barroso contends that the district court erred by adding two points rather than one point to his criminal history score based on a prior state conviction for conspiracy to possess a firearm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Anderson, 942 F.2d 606, 609 (9th Cir.1991) (en banc).
 
 
 4
 The Guidelines provide that for purposes of the criminal history score, "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The Guidelines commentary provides as follows:
 
 
 5
 "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense.... A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.
 
 
 6
 U.S.S.G. § 4A1.2, comment. (n. 1); see U.S.S.G. § 4A1.2(k)(1) ("[i]n the case of a prior revocation of probation, ... add the original term of imprisonment imposed upon revocation"); U.S.S.G. § 4A1.2, comment. (n. 11) ("[r]ather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence").
 
 
 7
 On February 6, 1990, Barroso was sentenced to six months imprisonment on the prior conviction. The sentence was suspended, and two years probation was imposed. Based on Barroso's commission of the instant offense in August 1990, the state court revoked probation and ordered him to serve six months imprisonment on January 29, 1991. The district court assessed two criminal history points under U.S.S.G. § 4A1.1(d) because Barroso was on probation when he committed the instant offense and two additional points under U.S.S.G. § 4A1.1(b) based on the six-month term for the prior conviction.
 
 
 8
 Barroso contends that the district court should have assessed only one additional point under U.S.S.G. § 4A1.1(c) because the six-month term was based on the same conduct as the instant offense, and he therefore was improperly punished twice for the same conduct.
 
 
 9
 This contention lacks merit because the six-month term was based on the prior offense. When Barroso violated a term of probation by committing the instant offense, the state court revoked its order suspending the six-month term; it did not impose a new sentence, but rather modified the way the prior sentence was to be served. See United States v. Palmer, 946 F.2d 97, 99 (9th Cir.1991) (sentence on revocation of probation merges into underlying conviction) (applying U.S.S.G. § 4A1.2(a)(2), which governs prior related cases).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3