977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brenda Elizabeth HOLLOWAY, Defendant-Appellant.
 No. 91-50669.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 22, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brenda Elizabeth Holloway appeals her sentence under the November 1, 1990 version of the United States Sentencing Guidelines ("Guidelines") following a guilty plea to forgery within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 13 and Cal.Penal Code § 470. Holloway contends that the district court erred by (1) increasing her base offense level for more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A); (2) denying a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a); and (3) counting three prior convictions separately when calculating her criminal history score. We vacate Holloway's sentence and remand for resentencing.
 
 I. More Than Minimal Planning
 
 3
 In cases of fraud or deceit, the Guidelines authorize a two-point increase in the base offense level if the fraud involved more than minimal planning. U.S.S.G. § 2F1.1(b)(2)(A). The Guidelines provide:
 
 
 4
 "More than minimal planning" means more than is typical for commission of the offense in a simple form....
 
 
 5
 "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune.
 
 
 6
 U.S.S.G. § 1B1.1, comment. (n. 1(f)) (referenced in U.S.S.G. § 2F1.1, comment. (n. 2)).
 
 
 7
 Holloway argues that the two-point adjustment was improper because her acts of fraud were not part of a complex scheme. Nevertheless, Holloway forged at least two and up to thirty-one checks within a short span of time.[1] Holloway procured false military identification matching the name on the forged checks. There is no evidence to suggest that the acts of fraud were "purely opportune." See U.S.S.G. § 1B1.1, comment. (n. 1(f)). Under these circumstances, the district court properly increased Holloway's base offense level on the ground that the offense required more than minimal planning. See United States v. Deeb, 944 F.2d 545, 547 (9th Cir.1991), cert. denied, 112 S.Ct. 1597 (1992).
 
 II. Acceptance of Responsibility
 
 8
 Holloway contends that the district court erred by denying a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). She asserts that her medical condition impaired her memory and prevented her from disclosing the circumstances surrounding her offenses.
 
 
 9
 We recognize that the district court is in a unique position to evaluate Holloway's acceptance of responsibility and therefore we give its determination great deference. See U.S.S.G. § 3E1.1, comment. (n. 5). Holloway's presentence report ("PSR") indicates that she claimed to work with an "Ida Simmons," who obtained stolen checks and manufactured matching identification cards. Although Holloway's fingerprints were detected on some of the checks and witnesses observed her writing two checks, Holloway denied forging any checks.
 
 
 10
 The district court, adopting the PSR, refused to grant a deduction for acceptance of responsibility because Holloway had minimized her involvement in the offense. In the absence of a clear acceptance of responsibility, this determination was not clearly erroneous. See United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990) (denying reduction where defendant minimized role in the offense).
 
 III. Criminal History
 
 11
 Holloway contends that the district court erred by concluding that three of her prior convictions were not "related" for purposes of calculating her criminal history score. Relying on Application Note 3 to U.S.S.G. § 4A1.2, she argues that the three prior offenses were "related" because probation revocation hearings for each case were heard on the same day.
 
 
 12
 We reject Holloway's argument insofar as it depends on probation revocation proceedings to support a finding that the cases were related. As we made clear in United States v. Palmer, 946 F.2d 97 (9th Cir.1991), Application Note 11, not note 3, controls in determining the effect of probation revocations. Id. at 99. The Palmer court indicated that, pursuant to Application Note 11, one must refer to the original convictions and sentencings, as opposed to probation revocations, to determine if two offenses are related. See id. ("The relevant 'cases' are the forgery conviction and the burglary conviction, not the probation revocation and the burglary conviction. The probation revocation is simply one part of the forgery case, and the forgery case was not consolidated with the burglary case.").
 
 
 13
 Applying the Palmer test, however, the government has conceded that the district court erred in not treating as related Holloway's 1989 convictions for forgery and car theft.[2] In view of the fact that these convictions were entered the same day and that Holloway was originally sentenced on the same day for these two convictions, we agree. See U.S.S.G. 4A1.2, comment. (n. 3). Accordingly, we vacate the sentence on this ground and remand for recalculation of Holloway's criminal history and for resentencing.
 
 
 14
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Holloway pleaded guilty to two counts, but was indicted for thirty-one counts of forgery. She argues that it was improper for the district court to look at conduct covered by counts dismissed from the indictment. This argument is meritless because the district court did not rely on dismissed counts to conclude that Holloway had engaged in more than minimal planning for her offenses. Furthermore, even if the court had done so, we recently held that such considerations are not improper. See United States v. Fine, No. 90-50280, slip op. 11067, 11073-75 (9th Cir. Sept. 14, 1992) (en banc)
 
 
 [2]
 At the court's request, the parties have submitted supplemental briefs addressing the impact of our initial decision in United States v. Bachiero, No. 90-50685, slip op. 5545 (9th Cir. May 15, 1992), withdrawn and refiled, slip op. 9267 (9th Cir. Aug. 4, 1992). Because our amended opinion in Bachiero rescinds the bright-line rule originally announced in that case, the decision is now irrelevant to Holloway's case. See United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992). Although the government retracted its concession in its supplemental brief, we conclude that the amended opinion in Bachiero revives the government's original position in this case