988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert VELLA, Defendant-Appellant.
 No. 92-10376.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-90-00213-CAL; Charles A. Legge, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Vella appeals his 105-month sentence imposed after his guilty pleas to conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and use of a communication facility to commit a felony in violation of 21 U.S.C. § 843(b). Vella contends that the district court erred by classifying him as a "career offender" because two prior sentences should be considered related, rather than separate, for sentencing pursuant to U.S.S.G. § 4A1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "Whether two prior offenses are related under section 4A1.2 is a mixed question of law and fact that we review de novo. We review for clear error any findings of fact that underlie the district court's sentencing decision." United States v. Taylor, No. 91-30418, slip op. 461, 465 (9th Cir. Jan. 21, 1993) (citation omitted).
 
 
 4
 "Prior sentences imposed in related cases are to be treated as one sentence...." U.S.S.G. § 4A1.2(a)(2); accord United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992) (per curiam); United States v. Chapnick, 963 F.2d 224, 228 (9th Cir.1992). Generally, "prior sentences are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3). Nonetheless, we have held that "when [a] sentence is imposed for revocation of probation at the same time as for conviction of a new offense, [the] sentence on the new conviction is computed separately from the sentence imposed for revocation of probation." United States v. Palmer, 946 F.2d 97, 99 (9th Cir.1991) (defendant's prior sentences for burglary conviction and revocation of probation on forgery conviction "unrelated" even though probation revocation and burglary conviction were consolidated for sentencing); see also U.S.S.G. § 4A1.2, comment. (n. 11).
 
 
 5
 At a 1983 consolidated proceeding, Vella received a two-year term of imprisonment for revocation of probation on an attempted robbery conviction (1982) and a concurrent three-year term of imprisonment for assault with a deadly weapon conviction (1983). At sentencing, on the instant offense, the district court treated the prior sentences as unrelated because the probation revocation referred to the robbery conviction which was not consolidated with the assault conviction.
 
 
 6
 Vella argues that the probation revocation and assault conviction were related because they were consolidated for sentencing. We disagree.
 
 
 7
 The probation revocation is simply one part of the robbery conviction. See Palmer, 946 F.2d at 99. The relevant cases are the robbery conviction and the assault conviction, which were not consolidated for sentencing. Accordingly, the district court did not err by treating the prior sentences as unrelated. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Vella's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3