5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jonie Lee JOHNSON, Defendant-Appellant.
 No. 92-50656.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1993.*
Decided Aug. 23, 1993.
 
 Appeal from the United States District Court For the Central District of California, No. CR-92-406-JSL-1; J. Spencer Letts, United States District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: GIBSON,** HALL, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jonie Lee Johnson appeals the 28 month sentence imposed by the district court following her guilty plea to one count of escape from the custody of the Attorney General in violation of 18 U.S.C. Sec. 751. We affirm.
 
 I. FACTS
 
 3
 On May 15, 1992, Johnson was charged in a one-count indictment with escape from the custody of the Attorney General in violation of 18 U.S.C. Sec. 751. On May 27, 1992, Johnson pled guilty to the escape charge under a plea agreement with the government. The probation office interviewed Johnson and calculated her base offense level to be 13. The probation office then suggested a two-level decrease for acceptance of responsibility, resulting in a base offense level of 11. Based on Johnson's criminal history category of III, the Guideline range was 12-18 months. Before sentencing on September 20, 1992, Johnson sent the court two letters explaining her motivation for escaping from the Inglewood Community Corrections Center. The government also sent the court documents concerning her escape, including a copy of letter written by Johnson to a confederate outlining a fabricated story attempting to justify her escape. At the sentencing hearing, the court stated its tentative conclusion that it was going to deny a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1, and was going to apply a two-level increase for obstruction of justice under U.S.S.G. Sec. 3C1.1. Defense counsel then addressed these issues and argued that Johnson had not lied to the court about her motivation to escape from the correctional facility, and should not receive an enhancement for obstruction of justice. The court concluded that Johnson was lying and the offense level of 13 calculated in the PSR should be increased to 15 for obstruction of justice. The court also denied a two-level decrease for acceptance of responsibility. Based on Johnson's criminal history category, the sentencing range was 24 to 30 months. The court stated its intention to sentence near the top of the range, and sentenced Johnson to 28 months imprisonment.
 
 II. DISCUSSION
 
 4
 Johnson first contends the court erred in not providing notice of its intent to impose an enhancement under U.S.S.G. Sec. 3C1.1 for obstruction of justice, and to deny a reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Her contention is without merit. The district court's adjustments were "based on evidence clearly available to defense counsel," United States v. Palmer, 946 F.2d 97, 100 (9th Cir.1991), and defense counsel was given an opportunity to address the matters at sentencing. See U.S.S.G. Sec. 6A1.3(a) ("[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."). At the onset of the hearing, the court announced its tentative findings and allowed defense counsel adequate time to address the issues. Johnson did not ask for a continuance and proceeded to address the court's concerns. Our review indicates the court provided adequate notice of its tentative findings and Johnson was not deprived of an opportunity to present information on the contested issues. See United States v. Brady, 928 F.2d 844, 847 & n. 3 (9th Cir.1991).
 
 
 5
 Johnson also argues the court erred in enhancing her sentence for obstruction of justice under U.S.S.G. Sec. 3C1.1. We review a district court's determination whether a defendant has obstructed justice for clear error. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991). Section 3C1.1 provides for a two-level increase in a defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." This guideline applies when a defendant provides "materially false information to a judge" or provides "materially false information to a probation officer." U.S.S.G. Sec. 3C1.1, comment. (n. 3) (1991). At sentencing, the court stated repeatedly that it did not believe Johnson and it did not believe Johnson's lawyer. The court found that Johnson had lied about the circumstances surrounding her escape, and her dishonesty supported an enhancement for obstruction of justice. We conclude that the district court's factual finding that Johnson had obstructed justice was not clearly erroneous. Torres, 930 F.2d at 1389.
 
 
 6
 Finally, Johnson contends the district court erred in finding that she had not accepted responsibility, as defined in U.S.S.G. Sec. 3E1.1. We disagree. U.S.S.G. Sec. 3E1.1(a) allows a two-level reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for [her] criminal conduct." "Whether or not a defendant has accepted responsibility for [her] crime is a factual determination" subject to the clearly erroneous standard of review. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990); See also U.S.S.G. Sec. 3E1, comment. (n. 5) (1991) (because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility ... the determination of the sentencing judge is entitled to great deference on review."). "The district court's determination will not be disturbed unless it is without foundation." United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (citation and quotation omitted). Johnson's guilty plea does not automatically entitle her to a two level reduction for acceptance of responsibility; she is required to make a voluntary and truthful admission to the court. See U.S.S.G. Sec. 3E1.1(c). Moreover, the Guidelines provide that conduct resulting in an enhancement for obstruction of justice under Sec. 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for [her] criminal conduct." U.S.S.G. Sec. 3E1.1, comment. (n. 4). As stated above, the district court found that Johnson had lied about the events surrounding her escape, and her version of the facts differed greatly from the evidence presented to the court. We conclude the district court's determination that Johnson did not accept responsibility is not clearly erroneous. See United States v. Smith, 905 F.2d 1296, 1301-02 (9th Cir.1990) (court declined to award defendant two-level reduction, despite the defendant's guilty plea, because defendant gave differing "version of the facts" to officials).
 
 III. CONCLUSION
 
 7
 Finding no error in the proceedings below, we AFFIRM the district court.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3