114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. GRANT, Defendant-Appellant.
Michael David GRANT, aka: Michael D. Grant; aka: Michael
D. Grant; aka: Michael Grant, Petitioner-Appellant,
v.
UNITED STATES PROBATION OFFICE; United States Secret
Service; United States Marshals Service;
California Department of Corrections,
Respondents-Appellees.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael David GRANT, aka: Michael D. Grant; aka: Michael
D. Grant; aka: Michael Grant, John Doe,
Defendant-Appellant.
 Nos. 96-55499, 96-55511 and 96-55719.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael D. Grant, a federal prisoner, appeals pro se the denial of three 28 U.S.C. § 2255[1] motions challenging his jury conviction and resulting 51-month sentence for the unauthorized use of an access device, a violation of 18 U.S.C. § 1029(a)(2). We affirm.
 
 I.
 
 3
 The district court correctly rejected Grant's claim that he was prejudiced by an alleged violation of the Interstate Agreement on Detainers (IAD). Grant could have raised that claim on direct appeal, but did not. As a result, "he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). Grant has failed to show cause for his failure to raise his IAD claim on direct appeal: the facts that form the basis of that claim were known to him at the time of his direct appeal and were the same facts that formed the basis of his contention that his Speedy Trial rights were violated. Contrary to Grant's assertion, the government's alleged failure to inform him of his rights under the IAD does not constitute cause for his procedural default.
 
 II.
 
 4
 The district court correctly rejected Grant's claim that the trial court erred in failing to order a new presentence report for use at his rehearing. Grant failed to raise his presentence-report claim in his first section 2255 motion; that claim, therefore, constitutes abuse of the writ unless Grant can show cause for failing to raise that claim earlier and prejudice resulting from his claim of error. See Sawyer v. Whitley, 505 U.S. 333, 338 (1992). Grant has shown neither: he has not shown cause, because he has not provided us with a reason for his failure to raise his presentence-report claim in the trial court, on direct appeal, or in his first section 2255 motion; and he has not shown prejudice, because he has not identified how his sentence would have been different had a supplemental presentencing report been prepared.
 
 III.
 
 5
 The district court also correctly rejected Grant's claim that his counsel at resentencing was ineffective. Grant has not shown cause for his failure to raise the claim of ineffective-assistance of resentencing counsel in his first section 2255 motion. That claim thus constitutes abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 494 (1991).
 
 IV.
 
 6
 Finally, the district court correctly rejected Grant's claims that his trial counsel was ineffective, that federal and state officials engaged in an illegal conspiracy to deprive him of his constitutional rights, that he was denied a prompt probable cause hearing, that his rights under the Speedy Trial Act were violated, and that illegally-obtained evidence was used against him. We had already rejected the merits of those claims on direct appeal. United States v. Grant, 1992 WL 164343 (9th Cir.1992). Grant demonstrated neither manifest injustice nor a change in the law; the district court thus had no reason to address Grant's previously-rejected claims See Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976).
 
 V.
 
 7
 The district court's denial of Grant's three section 2255 motions is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grant maintains that Civil Case No. 95-8401-RSWL is a petition for habeas corpus pursuant to 28 U.S.C. § 2241. That petition, however, challenges Grant's conviction, not the conditions of his confinement; we thus construe the petition as a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255