**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leonard Lee JACKSON, Defendant–Appellant.**

**No. 00–50621.**
**D.C. No. CR–00–00271–R–01.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

---

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Leonard Lee Jackson appeals the district court's denial of his motion to suppress evidence and the 210–month sentence imposed following his guilty-plea conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Jackson contends that because he committed no vehicle code violation, the traffic stop leading to his arrest was unwarranted, and his motion to suppress evidence should have been granted. We review a district court's denial of a motion to suppress de novo and its factual findings for clear error. *See United States v. Garcia*, 205 F.3d 1182, 1186 (9th Cir.2000). The district court's finding that Jackson committed a traffic violation is supported by the record and not clearly erroneous. Accordingly, the motion to suppress was properly denied. *See Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (observing that generally, the decision to stop an automobile is reasonable where police have probable cause to believe that a traffic violation has occurred).[1]

■ We reject Jackson's contention that his sentence should be vacated on the ground that the district court gave no notice that it would deny him a three-level adjustment for acceptance of responsibility. The PSR and the government's position memorandum provided him with notice, and Jackson's counsel argued for the adjustment at sentencing. *See United States v. Palmer*, 946 F.2d 97, 100 (9th Cir.1991) (rejecting defendant's claim that he had no notice of the district court's intention to deny a downward adjustment for acceptance of responsibility because the district court's finding was based on evidence clearly available to defense counsel and defendant had ample opportunity to put on evidence and present an argument).

**AFFIRMED.**

■

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Jackson's contention that the search exceeded the scope of consent is waived because it was raised for the first time in his reply brief. *See United States v. Cormier*, 220 F.3d 1103, 1113 (9th Cir.2000) (declining invitation to address argument that search exceeded scope of consent when raised for the first time on appeal).