**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lemont D. GROSS,**
**Defendant–Appellant.**

No. 89–10098.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1989.

Decided Feb. 27, 1990.

Martin R. Boyers, Asst. Federal Public Defender, Las Vegas, Nev., for defendant-appellant.

Anne Perry, Asst. U.S. Atty. and Richard J. Pocker, Chief Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before HALL, BRUNETTI and NOONAN, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellant Lemont D. Gross ("Gross") appeals the sentence imposed by the district court under the Federal Sentencing Guidelines ("guidelines") Level 11, Category V, of 24 months' imprisonment for one count of use of a counterfeit access device, in violation of 18 U.S.C. § 1029(a)(1). Gross argues that the court should have given him a Category III rather than Category V rating for his criminal history, which would have placed him in the 12 to 18 rather than the 24 to 30 month sentencing range under the guidelines. He contends that this error was the result of the failure of the district court to find that three of his prior convictions were "related" under the Sentencing Guidelines § 4A1.2(a)(2), as defined by Application Note 3.

This panel has jurisdiction to review a sentence imposed as a final judgment in a criminal case pursuant to 28 U.S.C. § 1291. The appeal was timely filed pursuant to Fed.R.App.P. 4(b).[1] We find that the trial court properly applied the guidelines and we affirm the sentence imposed below.

### I.

On November 3, 1988, Gross was indicted on three counts of credit card fraud: Count I alleged that Gross attempted to use a counterfeit access device in violation of 18 U.S.C. §§ 1029(a)(1) and 1029(b)(1); Count II alleged that Gross used a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1); and Count III alleged that Gross possessed device-making equipment in violation of 18 U.S.C. § 1029(a)(4). On November 10, Gross entered into a Plea Agreement[2] whereby he pled guilty to Count II in exchange for a dismissal of the other two counts and his cooperation with the United States Secret Service investigation of his illegal credit card activities.

A sentencing hearing took place on February 10, 1989 and Gross was sentenced to 24 months incarceration plus three years of supervised release. In determining Gross' sentence under the guidelines, the judge found Gross' offense level to be 11.[3] This aspect of the sentencing determination is not at issue on appeal.

What is at issue on appeal is whether the judge incorrectly determined Gross' criminal history. The judge assigned Gross 10 points for his criminal history, which pursuant to Sentencing Guidelines § 4A1.1(a) was Category V. These points were calculated as follows: one point for Grand Theft Auto on 9/30/82; three points for Nonsufficient Funds Checks on 4/4/83; three points for Forgery on 4/4/83; and three points for Forgery on 4/4/83. There had been a single sentencing proceeding for the last three crimes ("credit related" cases). At that prior hearing Gross received a sentence of three years imprisonment for each of the credit-related crimes, to be served concurrently.

Using the Sentencing Table, an offense of 11 matched with criminal history Cate-

1. The district court's sentencing judgment was announced to the parties at the sentencing hearing on February 10, 1989, and sentencing judgment was entered on February 24, 1989. Gross' notice of appeal was filed on February 21, 1989, after the decision was announced but before the judgment was entered. This is deemed to be timely filed under the federal appellate rule cited above, which provides that a "notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."

2. This guilty plea was entered prior to *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Thereafter a modified Plea Agreement was filed, which restructured the negotiations between the parties in terms of the

Sentencing Guidelines. The essential terms of the Plea Agreement remained the same.

3. This was determined in the following manner. The base offense level for a violation of 18 U.S.C. § 1029(a)(1) is 6 points. Sentencing Guidelines § 2F1.1. Where the defendant's role required more than minimal planning, the level is increased by 2 but in no event is to be less than level 10. *Id.* § 2F1.1(b)(2)(A). Where the criminal livelihood section is applicable because defendant has demonstrated a pattern of criminal conduct which appears to have been his main source of income, the offense level is raised to 13. *Id.* § 4B1.3. Where defendant accepts responsibility for his criminal conduct he may be given a deduction of 2 points. *Id.* § 3E1.1(c). Thus in this case Gross' offense level of 13 minus 2 equals 11.

gory V gives a sentencing range of 24 to 30 months. Sentencing Guidelines Ch. 5. Pt. A. Judge George rejected the defense counsel's argument that the three prior credit-related convictions were related cases because they had been consolidated for sentencing, and therefore should have been treated as one sentence for the purposes of the criminal history calculation, meriting three points instead of nine.

## II.

 The district court's determination of whether a given prior conviction falls within the scope of the Sentencing Guidelines is reviewed *de novo.* *United States v. Reyes–Ruiz*, 868 F.2d 698, 701 (5th Cir. 1989) (court's finding as to whether defendant had a prior conviction is reviewed for clear error, while whether this prior conviction falls within the scope of section 2L1.-1(b)(2) as a related offense is reviewed de novo). A district court's determination as to factual matters under the Sentencing Guidelines will not be reversed unless it is clearly erroneous, *United States v. Diaz–Villafane*, 874 F.2d 43, 48 (1st Cir.), *cert. denied* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).

The district court found that the credit-related cases were not related within the meaning of section 4A1.2(a)(2), after both parties stipulated to certain relevant facts—that the three state cases arose out of factually unrelated criminal actions, and that Gross was given three concurrent sentences for these crimes at a single hearing. Given these factual stipulations, whether the cases were "related" within the meaning of section 4A1.2(a)(2) and Application Note 3 of the Sentencing Guidelines is a legal determination, not a factual one.

## III.

 Sentencing Guidelines § 4A1.1(a) provides that the court should "add three points for each prior sentence of imprisonment exceeding one year and one month." Application Note 1 to this section provides that the term "prior sentence" is defined by section 4A1.2(a)(2), which states,

[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of criminal history. Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

Thus if Gross' three credit-related convictions were related, they should have been treated as one sentence for purposes of computing his criminal history. Under this calculation, Gross would be correct in that he should have received only three points for this single prior sentence. If, on the other hand, the three prior convictions were unrelated, then the prosecution and district court were correct in assessing three points for each.

While the guidelines themselves provide no definition of when cases are related, Application Note 3 to section 4A1.2(a)(2) provides that "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or *sentencing.*" (emphasis added). This note does not define when a case is considered consolidated for sentencing, and there are no federal cases discussing that section of Application Note 3.

Appellant argues that consolidated for sentencing means simply that the defendant was sentenced for these three crimes in a single proceeding. Thus even factually unrelated cases sentenced at the same time should be deemed related and treated as one case under the guidelines. Appellee responds that the cases were not consolidated because they retained three separate case numbers, the sentence in each case was reported on a separate minute order, and there was no formal order by the sentencing judge officially consolidating these cases.

 We reject that part of Application Note 3 that suggests that cases consolidated for sentencing are to be deemed related. These application notes are not binding law, they are only advisory commentary to

assist in the application of the statute. *United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989).

The Federal Sentencing Guidelines were enacted to provide honesty, uniformity and proportionality in sentencing. U.S. Sentencing Comm'n, Federal Sentencing Guidelines Manual, Policy Statement 1.2 (November 1, 1989). While discretion is allowed to trial judges to deviate under certain circumstances, judges are otherwise bound to stay within a recommended range of punishment. To read into the plain meaning of the statute the inference of the application note that every time a defendant is sentenced at a single hearing for multiple convictions those convictions are related would defeat both the intent of the statute and the public policy concerns over haphazard dispensation of justice. A defendant convicted of multiple unrelated offenses who fortuitously is sentenced for all offenses by one judge at one time would subsequently face less punishment when his points are totalled than another defendant who committed the same crimes but was separately sentenced on successive days or on the same day by different judges. Aside from offending the legislative intent and public policy involved, such a result would be inequitable.

AFFIRMED.