946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara A. EMRISKO, Defendant-Appellant.
 No. 91-5270.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1991.
Decided Oct. 15, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CR-90-75)
 Patrick S. Casey, Schrader, Byrd, Byrum & Companion, Wheeling, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Lisa A. Grimes, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Barbara Emrisko seeks review of a district court judgment and order sentencing her to one year imprisonment and one year of supervised release. Emrisko was charged in a two-count indictment with embezzling from a union in violation of 29 U.S.C. § 501(c) and falsifying union documents in violation of 29 U.S.C. § 439(c). Pursuant to a plea agreement, Emrisko pled guilty to the falsification charge and the government dismissed the embezzlement charge. On appeal, Emrisko contends that the district court erred by applying a two-point enhancement to her base offense level on the ground that she abused a position of trust in committing the subject crime.
 
 
 2
 The applicable guideline section in this case is § 2E5.5, which provides for use of a base offense level provided by § 2E5.4. That section says to apply § 2B1.1. Application Note 1 to § 2E5.4, however, states: "In the case of a defendant who was a union officer or occupied a position of trust in the union, as set forth in 29 U.S.C. § 501(a), an adjustment under § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) would apply." U.S.S.G. § 2E5.4, Application Note 1.
 
 
 3
 Initially, we reject Emrisko's contention that the reference in Application Note 1 to § 501(a) restricts the positions which may be found to constitute positions of trust for purposes of § 3B1.3 exclusively to those positions specifically mentioned within § 501(a). Application notes place no requirements upon the court, but rather serve only as advisory commentary to assist courts in applying the guidelines. See United States v. Gross, 897 F.2d 414 (9th Cir.1990). Moreover, even under § 501(a), Emrisko was unquestionably "key administrative personnel" considered to be within the ambit of § 501(a). See 29 U.S.C. § 402(q); United States v. Sullivan, 498 F.2d 146, 149-50 (1st Cir.), cert. denied, 419 U.S. 993 (1974). Finally, we note that Emrisko herself notes that the guidelines treat violations of § 439(c) identically with violations of § 501(c), the felony embezzlement statute. The determination of whether an individual occupies a position of trust for purposes of § 501(c) is made on an ad hoc basis. See United States v. Hill, 915 F.2d 502 (9th Cir.1990).
 
 
 4
 We also reject Emrisko's contention that, in any event, her position as a secretary/bookkeeper for Teamsters Local 697 did not constitute a position of trust since holding this position failed to contribute in any substantial way to facilitate her crime or to afford her any special opportunity to commit the crime in question. Whether the nature of Emrisko's duties placed her in a position of trust is primarily a factual determination, subject to reversal only if clearly erroneous. See United States v. Chester, 919 F.2d 896 (4th Cir.1990); United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). In this case, the record supports the district court's determination that Emrisko's position constituted one of trust, since Emrisko had considerable responsibility and independent authority in connection with handling and recording the receipt of large sums of money from 150 different employers and 800-900 employees.
 
 
 5
 Accordingly, the judgment and order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.