**UNITED STATES of America, Plaintiff,**

v.

**John M. HUMMASTI, Defendant.**

**Crim. No. 91–120–FR.**

United States District Court,
D. Oregon.

Nov. 20, 1991.

Charles H. Turner, U.S. Atty., Claire M. Fay, Asst. U.S. Atty., Portland, Or., for plaintiff.

Steven T. Wax, Federal Defender, Scott Asphaug, Asst. Federal Defender, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the objection of the government to the criminal history calculation prepared for the court by the United States Probation Department and contained in the revised presentence report for the defendant, John M. Hummasti.

## BACKGROUND

Hummasti was convicted of the crime of attempted bank robbery in violation of 18 U.S.C. § 2113(a). In completing the revised sentencing guideline range for Hummasti, the Probation Department used an offense level of 22 and a criminal history category of VI, resulting in a sentencing guideline range of 84–105 months. The government contends that Hummasti's two prior convictions for the crimes of robbery in the first degree qualify him as a career offender under U.S.S.G. § 4B1.1, and there-

fore the appropriate offense level is 32 which results in a sentencing guideline range of 210–262 months.

In paragraph 25 of the revised presentence report, the Probation Department sets forth Hummasti's conviction for the crime of robbery in the first degree. This offense occurred on May 25, 1985 when Hummasti used a firearm to rob a cashier at the Burns Brothers Travel Stop in Wilsonville, Oregon of $630.00. Hummasti was arrested on June 3, 1985 and charged in the Circuit Court of the State of Oregon for the County of Washington in Case No. 85–0648 with the crime of robbery in the first degree. On July 22, 1985, the court entered a judgment order in Case No. 85–0648 committing Hummasti to the custody of the Corrections Division of the State of Oregon "for a period not to exceed fifteen years, said sentence to run concurrent [sic] with the sentence imposed in Circuit Court Case 85–0650, this same date."

In paragraph 24 of the revised presentence report, the Probation Department sets forth Hummasti's conviction for the crime of robbery in the first degree. This offense occurred on May 29, 1985 when Hummasti used a firearm to rob a cashier at the Nendel's Inn in Wilsonville, Oregon of $311.00. Hummasti was arrested on June 3, 1985 and was charged in the Circuit Court of the State of Oregon for the County of Washington in Case No. 85–0650 with the crime of robbery in the first degree. On July 22, 1985, the court entered a judgment order in Case No. 85–0650 committing Hummasti to the custody of the Corrections Division of the State of Oregon "for a period not to exceed fifteen years, said sentence to run concurrent [sic] with the sentence imposed in Circuit Court Case 85–0648, this same date."

The writer of the revised presentence report gives Hummasti 3 points under U.S.S.G. § 4A1.1(a) for his conviction of the crime of robbery in the first degree in paragraph 24 (Nendel's Inn—May 29, 1985) and 0 points for his conviction of the crime of robbery in the first degree in paragraph 25 (Burns Brothers Travel Stop—May 25, 1985), citing the court to U.S.S.G.

§ 4A1.2(a)(2) and Application Note 3 involving related cases.

### APPLICABLE LAW

U.S.S.G. § 4A1.1(a) directs the court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(a)(2) provides:

Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history. Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

Application Note 3 to U.S.S.G. § 4A1.2(a)(2) provides:

*Related Cases.* Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public. For example, if the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for this factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes. In such circumstances, the court should consider whether departure is warranted.

On February 27, 1990, the Ninth Circuit Court of Appeals decided *United States v. Gross,* 897 F.2d 414 (9th Cir.1990), in which the court stated:

We reject that part of Application Note 3 that suggests that cases consolidated for sentencing are to be deemed related. These application notes are not binding

law, they are only advisory commentary to assist in the application of the statute.

The Federal Sentencing Guidelines were enacted to provide honesty, uniformity and proportionality in sentencing. U.S. Sentencing Comm'n, Federal Sentencing Guidelines Manual, Policy Statement 1.2 (November 1, 1989). While discretion is allowed to trial judges to deviate under certain circumstances, judges are otherwise bound to stay within a recommended range of punishment. To read into the plain meaning of the statute the inference of the application note that every time a defendant is sentenced at a single hearing for multiple convictions those convictions are related would defeat both the intent of the statute · and the public policy concerns over haphazard dispensation of justice. A defendant convicted of multiple unrelated offenses who fortuitously is sentenced for all offenses by one judge at one time would subsequently face less punishment when his points are totalled than another defendant who committed the same crimes but was separately sentenced on successive days or on the same day by different judges. Aside from offending the legislative intent and public policy involved, such a result would be inequitable.

*Id.* at 416–17 (citation omitted).

On September 5, 1991, the Ninth Circuit handed down *United States v. Anderson,* 942 F.2d 606 (9th Cir.1991), in which it concluded that while the commentary to the sentencing guidelines cannot be treated as equivalent to the sentencing guidelines themselves, the commentary cannot be treated merely as legislative history which can be ignored. In *Anderson,* the Ninth Circuit set out several principles to guide a sentencing court in steering a middle course:

First, courts should always consider the commentary, regardless of how clear the guideline may appear on its face. As a practical matter, it makes sense to consider the commentary because it is a part of the Guidelines Manual. In addition, the Commission expects that guidelines often will not explain themselves and that courts therefore will consider the commentary when interpreting them.

Second, courts should construe a guideline and its commentary so as to be consistent, if that is possible. If the guideline read in light of the commentary is still not entirely clear, courts should construe the guideline and commentary together so that they make sense in terms of the underlying purposes and overall structure of the guidelines. In addition, where the guideline and commentary appear headed in different directions, they should be construed so as to be consistent with the scheme of other guidelines (and their commentary) within the Part as a whole....

. . . .

Finally, because the commentary is not equal to the guidelines, in the unusual case in which the commentary and a guideline cannot be construed consistently, the text of the guideline must prevail.

*Id.* at 612–13 (citation omitted).

In footnote 5 of *Anderson,* the court, recognizing that *Anderson* is inconsistent with some of the language in *Gross,* stated:

Several of our previous cases have remarked on the binding force of commentary.... *United States v. Gross,* 897 F.2d 414, 416–17 (9th Cir.1990) (rejecting part of an application note because "application notes are not binding law"). Because these remarks were made without reference to the standard in this opinion, courts should not rely on them in the future but instead should apply the standard we set out today.

*Id.* at 614, n. 5.

In *United States v. Palmer,* 946 F.2d 97, 99 (9th Cir.1991), the Ninth Circuit further explained the effect of *Anderson* on *Gross* in addressing the question of how to treat two prior sentences, one of which was imposed upon a violation of probation, that were imposed in a single consolidated proceeding:

*Gross* was decided, however, without benefit of the analysis adopted by our en banc court in *United States v. Anderson.* In *Anderson* we held that

courts must consider a guideline and its related commentary together and construe them so as to be consistent, if possible; only if it is not possible to construe them consistently may we apply the text of the guideline and "reject" the commentary. On this point *Anderson* effectively overrules *Gross*, and we are no longer obliged to ignore Application Note 3.

## ANALYSIS AND RULING

The issue presented here is whether the two prior criminal cases set out in paragraphs 24 and 25 of the revised presentence report are related for the purposes of determining the criminal history score for Hummasti. The government contends that the two prior criminal cases were not "consolidated for trial or sentencing" as required by Application Note 3 since they have separate case numbers; the *robberies* occurred on different days; the victims were different people; and the robberies were not part of a common scheme or plan. The government points out that no order of consolidation was ever entered by the Washington County Circuit Court, and that it cannot be the intent of the sentencing guidelines to discount serious, violent offenses where a prior sentencing court has sought judicial economy by imposing two sentences in two different cases on the same day.

U.S.S.G. § 4A1.1(a) states that the court should "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(a)(2) provides that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." Application Note 3 states that "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."

In *United States v. Gross*, the court concluded that it would defeat the intent of the statute and public policy if "every time a defendant is sentenced at a single hearing for multiple convictions those convictions are related." *Id.* at 417. The concern of the court in *Gross*, that "[a] defendant convicted of multiple unrelated offenses who fortuitously is sentenced for all offenses by one judge at one time would subsequently face less punishment when his points are totalled than another defendant who committed the same crimes but was separately sentenced on successive days or on the same day by different judges," *Id.* at 417, remains the foremost consideration of the court. The length of the sentence to be imposed should not be affected by the manner of the scheduling of the sentencing hearings.

Since *United States v. Anderson*, however, this court is not free to ignore Application Note 3. *Anderson* directs this court to "construe the guideline and commentary together so that they *make sense* in terms of the underlying purposes and overall structure of the guidelines." *Id.* at 612 (emphasis added).

The ordinary meaning of the word "consolidate" is "to join in or cause to proceed as a single action." *Webster's Third New International Dictionary*, p. 484. This court concludes that the fact that the sentences in the Washington County cases were imposed upon Hummasti on the same day by the same judicial officer does not support a finding that these cases were consolidated for sentencing and should be treated as related cases. The purpose of Application Note 3 to U.S.S.G. § 4A1.2(a)(2) is to recognize that the criminal history score of a defendant can be overrepresented by charges which are separately filed but which are factually related or part of a common scheme or plan or are charges which a judicial officer has concluded should be joined or combined.

As the Ninth Circuit made clear in *Gross*, a defendant should not be treated differently under the sentencing guidelines because of the manner in which the cases are scheduled. It is consistent with the intent of the statute and public policy that the court interpret Application Note 3 to apply to those cases in which a judicial officer has combined cases in some manner into a single proceeding or judgment.

The plain language of U.S.S.G. § 4A1.1 is that 3 points shall be added for "each prior sentence of imprisonment." Prior sentences of imprisonment in factually unrelated cases which have not been consolidated by an action of a court and which result in separate judgment orders are not related pursuant to U.S.S.G. § 4A1.2(a)(2) for the purposes of determining the criminal history score of a defendant. *Compare United States v. Fine,* 946 F.2d 650 (9th Cir.1991) (finding cases related under U.S.S.G. § 4A1.2(a)(2) where cases were consolidated for trial in the state court).

## CONCLUSION

In the usual case, the court would make an appropriate finding and attach it to the judgment. However, in this case, the ruling of the court affects the application of the career offender guidelines. Therefore, the court directs the Probation Department to amend the revised presentence report to reflect the ruling of this court, which is that the offenses set forth in paragraphs 24 and 25 of the revised presentence report are not related cases as set forth in U.S.S.G. § 4A1.2(a)(2).