967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose R. RAMIREZ, Defendant-Appellant.
 No. 91-30184.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Rene Ramirez, Jr., appeals his sentence under the Sentencing Guidelines following his guilty plea to conspiracy to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(ii). He contends that the district court erred by (1) finding that he was a manager or supervisor of criminal activity and (2) counting two prior convictions separately when calculating his criminal history score. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.
 
 I. Section 3B1.1 Adjustment
 
 3
 Ramirez contends that the district court erred by finding that he was a manager or supervisor of drug sales involving Connie Alvarez because (1) the application of Guidelines commentary amended after he committed the offense violated the ex post facto clause, and (2) the sales involving Alvarez took place before the conspiracy to which Ramirez pleaded guilty and therefore were not relevant conduct under U.S.S.G. § 1B1.3. These contentions lack merit.
 
 
 4
 We review de novo the district court's interpretation of the Guidelines. United States v. Anderson, 942 F.2d 606, 609 (9th Cir.1991) (en banc). We review for clear error the district court's finding that the defendant played an aggravating role in the offense. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 5
 The Guidelines instruct the district court to increase the offense level by two levels if the defendant was an organizer, leader, manager, or supervisor in any criminal activity that involved less than five participants and was not otherwise extensive. U.S.S.G. § 3B1.1(c). The Guidelines commentary provides as follows: "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) ..., and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. § 3B1.1, intro. comment. (Nov. 1990); United States v. Lillard, 929 F.2d 500, 502-03 (9th Cir.1991) (rejecting dicta in United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990)).
 
 
 6
 The application of Guidelines amendments that are "not substantive changes but rather clarifications of the [Sentencing] Commission's intent" does not violate the ex post facto clause. United States v. Restrepo, 903 F.2d 648, 656 (9th Cir.1990), withdrawn in part, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). The November 1990 amendment to the introductory commentary to section 3B1.1 "clarifies the relationship between § 1B1.3 (Relevant Conduct) and §§ 3B1.1 and 3B1.2." Lillard, 929 F.2d at 503. Accordingly, the application of the amended commentary to Ramirez did not violate the ex post facto clause. See Restrepo, 903 F.2d at 656.
 
 Relevant conduct includes
 
 7
 all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense.
 
 
 8
 U.S.S.G. § 1B1.3(a)(1); see Lillard, 929 F.2d at 503 (district court did not clearly err by finding that defendant convicted of manufacturing methamphetamine played leadership role where presentence report stated that he operated two methamphetamine labs and employed another person, and evidence indicated that the labs were sophisticated and ongoing).
 
 
 9
 Ramirez pleaded guilty to a conspiracy with Marcos Sanchez-Gonzalez, Fernando Moreno, and "other persons" "beginning in 1990, the exact date ... unknown, and continuing to and including August 6, 1990." The presentence report (PSR) stated that in March 1990 Ramirez asked an informant "to become involved in trafficking cocaine with him." On June 25, 1990, the informant called Ramirez and the next day "received a return call from Ms. Alvarez, who stated that she had contacted Jose Ramirez, Jr. and that she could now 'do business.' " Alvarez told the informant "that she had been handling all narcotic transactions for Jose Ramirez, Jr. and that she was selling cocaine for $1,100 per ounce." She later sold cocaine to the informant. The PSR also stated that in July and August 1990, Sanchez-Gonzalez and Moreno supplied cocaine to Ramirez, who sold it to the informant.
 
 
 10
 At the sentencing hearing, Ramirez made a proffer that the sale made by Alvarez on June 26 "occurred prior to the commencement or prior to the existence of" the conspiracy between Ramirez and Moreno, which "did commence the latter part of June, first part of July." The district court found that the June 26 sale was "conduct that [was] sufficiently related to" the conspiracy for which Ramirez was convicted.
 
 
 11
 Ramirez pleaded guilty to a conspiracy with Sanchez-Gonzalez, Moreno, and others beginning at some time in 1990. Moreover, the PSR stated that Ramirez had contacts with the informant both before and after June 26. Accordingly, regardless of whether Moreno began supplying cocaine to Ramirez after June 26, the district court properly found that Alvarez's sale occurred during commission of the ongoing conspiracy for which Ramirez was convicted, and therefore was relevant conduct for purposes of the section 3B1.1 adjustment. See U.S.S.G. § 1B1.3(a)(1); Lillard, 929 F.2d at 503.
 
 II. Criminal History
 
 12
 Ramirez contends that the district court erred by finding that his prior convictions for driving under the influence of intoxicants (DUII) and assault were not related for purposes of calculating his criminal history score.
 
 
 13
 The district court must treat prior convictions in related cases as one conviction. U.S.S.G. § 4A1.2(a)(2). "Cases are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 comment. (n. 3). "[T]here must be a formal order of consolidation, or some other indication that the trial court considered the prior convictions to be tantamount to a single offense for purposes of sentencing, before we will consider them consolidated for purposes of section 4A1.2." United States v. Bachiero, No. 90-50685, slip op. 5545, 5549-50 (9th Cir. May 15, 1992) (per curiam) (citing United States v. Chapnick, No. 91-50194, slip op. 4835, 4844-45 (9th Cir. April 29, 1992)).
 
 
 14
 Here, the PSR stated that Ramirez was sentenced in the same court on the same day for the DUII and assault convictions. Relying on United States v. Gross, 897 F.2d 414 (9th Cir.1990) (rejecting U.S.S.G. § 4A1.2 comment. (n. 3)), which since has been overruled, see Bachiero, slip op. at 5548, the district court found that the prior convictions "were simply consolidated for sentencing and are not related cases within the meaning of the guidelines." The district court did not, however, consider whether there was a formal consolidation order or some other indication that the trial court considered the prior convictions tantamount to a single offense for purposes of sentencing.
 
 
 15
 Accordingly, we VACATE the sentence and REMAND for resentencing in light of Bachiero, slip op. at 5549-50.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3