972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Emery WILLIAMS, Defendant-Appellant.
 No. 91-30337.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Emery Williams appeals his sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), imposed following a guilty plea, for possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and being an ex-felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Williams contends that the district court erred by (1) counting two prior convictions separately when calculating his criminal history score and (2) failing to rule on whether it had authority to depart below the applicable Guidelines range. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand in part and dismiss in part.
 
 I. Criminal History
 
 3
 Williams contends for the first time on appeal that the district court erred by finding that two prior state convictions of giving "false information to a police officer" were not related for purposes of calculating his criminal history score.
 
 
 4
 Generally, we will not consider an argument raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Nevertheless, we have recognized an exception to this rule when, as here, a new issue arises while appeal is pending because of a change in the law. See id. Accordingly, we review William's claim for plain error. See United States v. Span, No. 90-10284, slip op. 8215, 8226 (9th Cir. July 8, 1992). " 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' " Id. (quoting Fed.R.Crim.P. 52(a)).
 
 
 5
 "Prior sentences imposed in related cases are treated as one sentence...." U.S.S.G. § 4A1.2; accord United States v. Bachiero, No. 90-50685, slip op. 9267, 9270 (9th Cir. August 4, 1992). " '[P]rior sentences are considered related if they ... were consolidated for trial or sentencing.' " Bachiero, No. 90-50685, slip op. at 9270 (defendant's prior sentences were "related" where she was sentenced to identical terms by the same judge at a single hearing) (quoting U.S.S.G. § 4A1.2, comment. (n. 3)).
 
 
 6
 Here, sentencing occurred on August 26, 1991. The presentence report indicated that Williams had been sentenced to identical sentences in the same court on the same day for both of the contested prior convictions. The district court, relying on United States v. Gross, 897 F.2d 414, 416 (9th Cir.1990) (cases consolidated for sentencing were not related cases within the meaning of the Guidelines), treated Williams' offenses as unrelated. Gross, however, is no longer the law of the circuit. Under Bachiero, we consider Williams' prior offenses to have been consolidated for sentencing purposes. Therefore, we vacate Williams' sentence and remand the case for resentencing consistent with this memorandum disposition.
 
 II. Downward Departure
 
 7
 Williams further claims that the district court failed to expressly acknowledge its authority to depart downward pursuant to U.S.S.G. § 4A1.3 if it wished to do so. We lack jurisdiction to consider the merits of this claim.
 
 
 8
 "Although a district court's decision not to depart normally is not reviewable, we will review de novo a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed." United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992) (citation omitted). Nonetheless, a district court's "failure to depart, when the record is silent on the issue of authority, and [the] sentence is imposed within the applicable guideline range, is not unlawful and is not appealable on that basis." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 9
 Here, Williams argued that the district court should grant him a downward departure because his prior misdemeanor convictions overrepresented his criminal history category. The district court denied the request and stated that "I find the criminal history computation is correctly stated for Category 5, Level 24. The sentencing guideline range is 92 to 115 months." (RT 8/26/91 at 7). The district court then sentenced Williams to 92 months imprisonment. Williams did not object when the district court imposed the sentence without expressly stating that it had the authority to depart if it wished to do so.
 
 
 10
 Because Williams did not object to the district court's silence on its authority to depart, the district court was not required to state that it did have authority to depart. See Garcia-Garcia, 927 F.2d at 491. Therefore, the district court properly exercised its discretion by refusing to depart from the Guidelines and we lack jurisdiction to review William's request for a downward departure. See id.
 
 
 11
 VACATED AND REMANDED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3