15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Winfred Christian BOCAGE, Defendant-Appellant.
 No. 93-50036.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided Jan. 20, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Winfred Bocage appeals his sentence after a conviction by a jury trial of assaulting a federal employee in violation of 18 U.S.C. Sec. 111. Bocage challenges his 36 month sentence on two grounds. First, he argues that the district court erred when it did not credit him for acceptance of responsibility. Second, he argues that the district court relied on two unconstitutional prior convictions in determining his criminal history. We have jurisdiction over this timely appeal and affirm.
 
 I. ACCEPTANCE OF RESPONSIBILITY
 
 4
 The Sentencing Guidelines allow a defendant to reduce his offense level by two points if he "clearly demonstrates acceptance of responsibility for his offense...." U.S.S.G. Sec. 3E1.1(a) (1992).[1] We review for clear error. United States v. Williams, 989 F.2d 1061, 1074 (9th Cir.1993).
 
 
 5
 The Presentence Report ("PSR") indicates that the victim was struck repeatedly in the face and back of the head over a fifteen minute period of time. At the initial interview after his arrest, the defendant denied hitting the victim. When interviewed by the probation officer the defendant stated that "[s]he elbowed me and I pushed her." The defendant argues that the defendant's statements to his psychiatrist and to his counsel, as well as his statement at his first sentencing hearing that he did not object to anything in the PSR, demonstrated his acceptance of responsibility.
 
 
 6
 The district court explicitly agreed with the PSR's failure to give the defendant credit for acceptance of responsibility and when asked by counsel for the defendant for an explicit reason for denying the two-point reduction stated: "I don't think he has accepted his responsibility in any way, shape, or form." The district court's finding was not clearly erroneous.
 
 II. CONSTITUTIONALITY OF PRIOR CONVICTIONS
 
 7
 "[T]he Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." United States v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir.1993). The government bears the burden of showing the fact of a prior conviction, and then the burden shifts to the defendant to prove by a preponderance of the evidence that the prior conviction was unconstitutionally obtained. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990).
 
 
 8
 "The voluntariness of a guilty plea is a question of law reviewed de novo." Newman, 912 F.2d at 1123 (citing Marshall v. Lonberger, 459 U.S. 422, 431 (1983)). However, "factual matters concerning the prior conviction are reviewed for clear error." Newman, 912 F.2d at 1123 (citing United States v. Gross, 897 F.2d 414, 416 (9th Cir.1990)).
 
 
 9
 A plea of guilty involves the intelligent and voluntary waiver of three rights: 1) the privilege against self incrimination; 2) the right to trial by jury; and 3) the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 242-3 (1968). In order for a guilty plea to be voluntary, a defendant is also entitled to "receive[ ] 'real notice of the true nature of the charge against him....' " Marshall, 459 U.S. at 436 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). Our review of the transcripts of defendant's change of plea in the 1980 grand theft auto conviction and in the 1987 assault conviction clearly shows that the defendant was advised of his Boykin rights, was given notice of the charge, and stipulated to a factual basis. The state court explicitly found that the waivers of those rights were voluntary.
 
 
 10
 The defendant now argues that the prior convictions violated his due process rights because the state courts accepted his guilty pleas without holding a competency hearing when the state courts had reason to doubt his competency. See Drope v. Missouri, 420 U.S. 162 (1975); Godinez v. Moran, 113 S.Ct. 2680, 2688 n. 13 (1993). We disagree. The mere fact that the defendant is of low moderate intelligence and has had some psychiatric treatment in the past does not automatically require a court to conduct a competency hearing. Only when the trial court has "sufficient doubt of his competence" is further inquiry necessary. Drope, 420 U.S. at 180. Here, unlike the cases relied upon by the defendant, there is no evidence that Bocage acted irrationally or did anything which would lead the state court to believe that the defendant was not competent.
 
 
 11
 The trial court did not clearly err when it denied defendant a two-point reduction for acceptance of responsibility and the defendant's convictions in 1980 and 1987 were properly included in his criminal history calculation.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the defendant's total offense level was less than 16, he did not qualify for a 3-point reduction. See U.S.S.G. Sec. 3E1.1(b)