103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angel Navarro AGUILAR, Defendant-Appellant.
 No. 96-50089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 21, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Angel Navarro Aguilar pled guilty in a California municipal court in 1993 to charges of hit-and-run, lying to a police officer, and driving while unlicensed. He was sentenced to 126 days in jail. Three years later, he pled guilty in the district court to conspiracy to distribute methamphetamine and was sentenced under the Sentencing Guidelines to 210 months, based on an adjusted offense level of 36 and Criminal History Category II.
 
 
 4
 The sole ground of Aguilar's appeal is that his 1993 conviction and sentence should not have been counted in calculating his criminal history score because he did not knowingly and intelligently waive counsel. While we review the district court's determination whether to take a prior conviction into account de novo, United States v. Gross, 897 F.2d 414, 416 (9th Cir.1990), the court's determination of factual matters will not be reversed unless clearly erroneous. Id.
 
 
 5
 Aguilar asserts that the burden of proof was on the government to show that his 1993 waiver of counsel was valid. This is incorrect. "In applying the Sentencing Guidelines ... the ultimate burden of proof in demonstrating the constitutional infirmity of the [prior] conviction lies with the defendant." United States v. Newman, 912 F.2d 1119, 1121 (9th Cir.1990). Under the reasoning of Parke v. Raley, 506 U.S. 20 (1992), it is clear that a defendant seeking to collaterally attack a prior conviction for sentencing purposes has the burden of showing that the waiver of constitutional rights was invalid. See United States v. Mulloy, 3 F.3d 1337, 1339 (9th Cir.1993) (burden on defendant under Armed Career Criminal Act); see also United States v. Haggard, 61 F.3d 540, 542 n. 1 (7th Cir.1995) (burden on defendant under Sentencing Guidelines).
 
 
 6
 Parke creates a presumption that Aguilar intelligently and voluntarily waived his right to counsel. Cf. Mulloy, 3 F.3d at 1339. Aguilar did not testify concerning the circumstances of his 1993 waiver. Nor did he call any witness to the 1993 proceeding, such as his interpreter, to establish that he was not adequately informed of the consequences of a waiver of counsel. He has not presented a transcript of the 1993 proceeding, or contended that none is available. When asked by the district court if he wished to present further evidence, Aguilar declined. Aguilar relies solely on municipal court docket sheets on which the boxes opposite statements that he was warned of the dangers of self-representation and that he waived his rights knowingly and intelligently were not checked. But Aguilar "cannot satisfy his burden of proving the constitutional invalidity of the [earlier] conviction ... merely by pointing to a silent or ambiguous record." Id. Given the applicable burden of proof, the district court's finding that the prior conviction was valid was not clearly erroneous.
 
 
 7
 The judgment and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3