972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven William NELSON, Defendant-Appellant.
 No. 91-30455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven William Nelson appeals his sentence under the United States Sentencing Guidelines ("U.S.S.G."), imposed following a guilty plea, for one count of bank robbery in violation of 18 U.S.C. § 2113(a). Nelson contends that the district court erred by counting four prior convictions separately pursuant to U.S.S.G. § 4A1.2 when calculating his criminal history score. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's determination that prior convictions are unrelated under U.S.S.G. § 4A1.2, while we review for clear error the underlying factual findings. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 "Prior sentences imposed in related cases are to be treated as one sentence...." U.S.S.G. § 4A1.2; accord United States v. Bachiero, No. 90-50685, slip op. 9267, 9270 (9th Cir. August 4, 1992). " '[P]rior sentences are considered related if they ... were consolidated for trial or sentencing.' " Bachiero, No. 90-50685, slip op. at 9270 (defendant's prior sentences were "related" where she was sentenced to identical terms by the same judge at a single hearing) (quoting U.S.S.G. § 4A1.2, comment. (n. 3)).
 
 
 5
 Here, sentencing occurred on November 27, 1991. The presentence report indicated that Nelson had been sentenced in the same court on the same day for each of the contested prior convictions (ER at 19-22). The district court, relying on United States v. Hummasti, 779 F.Supp. 1285, 1289 (D.Or.1991) ("[p]rior sentences of imprisonment in factually unrelated cases which have not been consolidated by an action of a court and which result in separate judgment orders are not related ..."), treated Nelson's sentences as unrelated. We have recently rejected this reasoning. See Bachiero, No. 90-50685, slip op. at 9270-71; see also Chapnick, 963 F.2d at 228-29.
 
 
 6
 In light of Bachiero and Chapnick, we consider Nelson's prior offenses to have been consolidated for sentencing purposes. Therefore, we vacate Nelson's sentence and remand the case for resentencing consistent with this memorandum disposition.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3